UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
                               )
vs.                            )    CRIMINAL ACTION
                               )    NO. 05-1658-CBS
YAMIL PASTOR MIRANDA,          )    (See also, Western District of
                               )    Virginia No. 1:05-CR-16)
          Defendant,           )
_____)
```

**ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION**
**April 14, 2005**

**SWARTWOOD, M.J.**

I.  Nature of the Proceedings

This is commitment to another District proceeding pursuant to Fed.R.Civ.P. 5(c) in which Yamil Pastor Miranda ("Mr. Miranda") was arrested in this District in connection with an Indictment that was returned on February 15, 2005, in the United States District Court, Western District of Virginia, charging Mr. Miranda: in Count One, with conspiracy to possess with intent to distribute and distribution of fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§846 and 841(b)(1)(A); and in Count Two, with possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B).

Mr. Miranda appeared before this Court for his initial appearance on April 7, 2005, and at that time, he was advised of

his right to waive removal and voluntarily return to the Western District of Virginia, his right to an identity hearing, and his rights under Fed. R. Crim. P. 20.

At Mr. Miranda's initial appearance, the Government requested that Mr. Messina be detained and returned to the Western District of Virginia in custody on the grounds of 18 U.S.C.§§ 3142(f)(1)(C)(Defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act") and (f)(2)(A)(risk of flight). Mr. Miranda then waived his right to an identity hearing and requested that a detention hearing be held in this District.

On April 14, 2005, a detention hearing was held and at that hearing, Wayne Alan Boiteau, Special Agent with the Drug Enforcement Administration, testified on behalf of the Government and was cross-examined by Mr. Miranda's counsel.

## II.  Findings of Fact

1. On November 17, 2004, federal agents and officers with the Bristol Virginia Police Department executed a state search warrant at the residence of Gary Moreira. Approximately two grams of a substance which appeared to be marijuana was seized from a couch where Mr. Moreira had been sitting and approximately ten grams of what appeared to be crack cocaine was seized from Mr. Moreira's person. Gov't Ex. 1.

2.   Mr. Moreira, who was arrested, identified Mr. Miranda as his source of supply and said that he had obtained the crack cocaine from Mr. Miranda the previous day. Id.

3.   Mr. Moreira informed law enforcement officials that for the prior six months, he had been obtaining approximately seven grams of crack cocaine from Mr. Miranda every two weeks (over eighty four grams in total). Id.

4.   Mr. Moreira agreed to cooperate with law enforcement officials. Mr. Moreira telephoned Mr. Miranda and arranged for Mr. Miranda to deliver crack cocaine to his residence. When Mr. Miranda opened Mr. Moreira's front door to enter the residence, he was arrested. Id. and Gov't Ex. 2.

5.   At the time of his arrest, the following items were seized from Mr. Miranda: two plastic baggies, each containing what appeared to be five grams of crack cocaine; and two plastic baggies, each containing what appeared to be four grams of marijuana. Id.

6.   After being advised of his *Miranda* rights, Mr. Miranda identified for law enforcement officials the source from which he had obtained the crack cocaine. Mr. Miranda told law enforcement officials that he obtained approximately 3.5 grams of cocaine per week from this source. Mr. Miranda attempted to contact this source to make a controlled purchase of crack cocaine, but the

transaction was cancelled when it became apparent that Mr. Miranda's source was aware that he had been arrested. Id.

7. When Mr. Miranda was initially arrested on these charges, he was brought to state court and released on a $1,000 bond.

### III. Detention

The Government has moved that Mr. Miranda be detained in accordance with 18 U.S.C. §§3142(f)(1)(C)(Defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act") and (f)(2)(A)(risk of flight). In a commitment to another District proceeding, release or detention of a defendant arrested in a District other than where the offense was allegedly committed, may be detained or released "as provided by statute for these rules." Fed. R. Crim. P. 5(d)(3). Therefore, 18 U.S.C. § 3142 ("The Bail Reform Act") or ("The Act") sets forth the procedure for detaining a defendant pending trial.

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held

pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e).  The Supreme Court, in United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Id. at 755, 107 S.Ct. at 2105.  For this reason,  the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight.  See 18 U.S.C. § 3142 (f); United States v. Jackson, 823 F.2d 4-5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986).  See also United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).  Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person".  18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in

the statute for which Congress has determined that detention is warranted. See 18 U.S.C. § 3142 (f)(1). The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e). Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on

6

release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense. Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c). In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary. United States v. Jessup, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

1. the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. the weight of the evidence against the person;

3. the history and characteristics of the person, including:

  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

 (4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

 IV. <u>Discussion of Whether Detention Is Warranted</u>

  1. <u>Mr. Miranda's History and Characteristics</u>

Because Mr. Miranda declined to be interviewed by Pretrial Services, I have limited information concerning his background. Mr. Miranda was born on July 9, 1982 in New York. Mr. Miranda has previously lived in Bristol, Virginia and at the time of his arrest, was apparently staying with his father in Worcester, Massachusetts.

Mr. Miranda has a conviction for petty larceny, a misdemeanor, for which he received probation. Mr. Miranda has four more serious charges on his record (battery, sexual assault on a minor, manufacturing selling and/or possessing a controlled substance and misdemeanor possession of marijuana). However, the disposition of those charges is unknown and therefore, these charges will not be considered. On January 5, 2005, an Indictment was returned in the

state court in Bristol, Virginia (Twenty-Eighth Judicial Circuit), charging Mr. Miranda with three counts of distributing cocaine. These charges concern alleged sales of cocaine which are separate and distinct from the charges alleged in this Indictment. <u>Gov't Ex. 4</u>.

  2. <u>Nature of the Offense and Weight of the Evidence</u>

  The Indictment serves as probable cause for allegations underlying the offense charged in the Indictment. Mr. Miranda has been charged with serious drug offenses for which he faces a potential mandatory minimum of ten years, if he is convicted on Count One, and a mandatory minimum of five years, if he is convicted on Count Two.

  Mr. Moreira identified Mr. Miranda as his continuing source for crack cocaine, at least over a six month period. After being advised of his *Miranda* rights, Mr. Miranda admitted that he sold crack cocaine to Mr. Moreira to make money and that he obtained approximately 3.5 grams of crack cocaine a week from a source in Tennessee. Therefore, the weight of the evidence against Mr. Miranda is substantial.

  3. <u>Rebuttable Presumption</u>

  The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community

if Mr. Miranda is released, or the appearance of Mr. Miranda, as required.

The rebuttable presumption created by 18 U.S.C. § 3142(e) applies in this case because Mr. Miranda is charged with a drug offense for which a maximum penalty of ten years or more is prescribed in the Controlled Substances Act. The Indictment establishes probable cause for the charges against Mr. Miranda. Therefore, I find that under 18 U.S.C. § 3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Miranda or the safety of the community if he were released. I find that Mr. Miranda has not produced nor proffered any credible evidence on his behalf to rebut this presumption. Without such evidence, the presumption alone may justify detention. <u>United States v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985); <u>United States v. Vires</u>, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986). Although I have determined that Mr. Miranda has failed to rebut the presumption, for the sake of completeness, I will examine the Government's assertion that he poses a danger to the community and a risk of flight.

4.   <u>Whether Mr. Miranda Poses A Danger to the Community</u>

Although Mr. Miranda has been charged with a number of serious offenses, his record reflects only one misdemeanor conviction. Mr. Miranda has admitted that he sells crack cocaine in order to make

money. However, he does not appear to be a large scale drug dealer. Under these circumstances, I cannot find, independent of the rebuttable presumption, that Mr. Miranda poses a danger to the community and therefore, I am relying on the rebuttable presumption to hold him on dangerousness grounds.

     5. <u>Whether Mr. Miranda Poses A Risk of Flight</u>

I have little information concerning Mr. Miranda's ties to the community. Clearly, he was living in Virginia for a period. For the immediate period preceding his arrest, he was staying with his father in Worcester, Massachusetts. I have no information concerning Mr. Miranda's educational background, his employment history or whether he has resided in one place for any period of time. It appears that Mr. Miranda has never been incarcerated for any significant period of time and he faces a substantial period of incarceration if convicted of the offenses charged in this Indictment. Under these circumstances, I find by a preponderance of the evidence that Mr. Miranda poses a risk of flight and that there are no conditions or combinations of conditions which would assure Mr. Miranda's appearance in court if Mr. Miranda were released.

     V.  <u>Order of Detention Pending Trial</u>

In accordance with the foregoing memorandum,

IT IS ORDERED:

1.     That Mr. Miranda be committed to the custody of the Attorney General, or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.     That Mr. Miranda be afforded a reasonable opportunity for private consultation with counsel; and

3.     On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Miranda is detained and confined shall deliver Mr. Miranda to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/S/CHARLES B. SWARTWOOD, III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE